UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER J. CARLSON,

               Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
et al.,

               Defendant.

CASE NO. C25-2726 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David Christel's Report and Recommendation (R&R), recommending the Court dismiss without prejudice pro se prisoner plaintiff Christopher Carlson's § 1983 complaint against the Washington State Department of Corrections, for failing to demonstrate he is entitled to proceed *in forma pauperis*, for failure to comply with the Court's Order, and for failure to state a plausible claim. Dkt. 5.

Carlson responded by filing a motion for an extension of time, Dkt. 6, objections to the R&R, Dkt. 7, a proposed motion for appointment of counsel, Dkt. 8, and a renewed

ORDER - 1

application to proceed *in forma pauperis*, supported by a proposed amended complaint. Dkt. 9.

Both versions of Carlson's complaint assert that the DOC and various unnamed defendant employees knowingly violated his constitutional right to access to the courts by failing to provide him legal assistance while he was incarcerated and being treated for cancer. *See* Dkt. 9-1 at 2–6. It is not clear what legal assistance he required, or who exactly he believes was required to provide him legal assistance, or under what authority.

His objections to the R&R reiterate that he is suing for lack of assistance in accessing the Court, which he claims violates his constitutional rights.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court must "review the Magistrate Judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing § 636(b)(1)(C)). A proper objection requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion,

ORDER - 2

chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The Court accepts that Carlson cannot pay the filing fee, and he has explained why he could not comply with Judge Christel's prior Order. While a pro se plaintiff's complaint is to be construed liberally, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555). In order

ORDER - 3

to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Carlson has not stated a plausible claim. He has not pled facts permitting the Court to draw the reasonable inference that any defendant is liable to him for some misconduct. He has not plausibly pled facts leading the Court to the conclusion that prison or hospital staff violated his constitutional right to access the courts by failing to provide him legal assistance; he has not alleged that any defendant is even an attorney qualified or permitted to provide him legal advice.

The R&R, Dkt. 5, is **ADOPTED**. Carlson's application to proceed *in forma pauperis* is **DENIED**, and this case is **DISMISSED** without prejudice and without leave to further amend.

The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated this 22nd day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4